**M. HENNIS and Jess Stanley, Partners, D/B/A Courtesy Tire Company, Appellants,**

v.

**B. F. GOODRICH COMPANY, Inc., Appellee.**

Court of Appeals of Kentucky.

Sept. 22, 1961.

Joe S. Feather, C. B. Upton, Williamsburg, for appellants.

Charles G. Cole, Jr., Barbourville, for appellee.

MILLIKEN, Judge.

The appellants, Hennis and Stanley, doing business in Corbin as the Courtesy Tire Company (the dealer) sued The B. F. Goodrich Company for alleged embezzlement of the dealer's funds by Billy Sergent, a Goodrich-trained "operator" in charge of the dealer's credit sales under the terms of an agency contract or agreement. Good-

rich denied liability for Sergent's, the operator's, conduct and moved for a summary judgment which was granted.

By the terms of the contract Goodrich agreed to furnish the dealer with an operator "for the purpose of assisting the Dealer in establishing and maintaining the Budget Plan in its place of business * * *" and " * * * although said Operator will be engaged and paid by B. F. Goodrich, subject to reimbursement as hereinafter provided, he shall be considered an employee of the Dealer for all purposes of this Agreement, and all acts and services performed by him shall be deemed to have been performed as the employee of the Dealer and the Dealer agrees to indemnify and save harmless B. F. Goodrich with respect thereto * * *." Provisions were included for monthly repayment by the dealer of the operator's salary advanced by Goodrich and for replacement of the individual operator if he proved unsatisfactory to the dealer.

The dealer contends that the operator really was the employee of Goodrich despite the contract provision that he be deemed the employee of the dealer, and that the provision making him the employee of the dealer contravened sound public policy.

Public policy is an unruly horse which courts are loath to ride unless it is necessary. Corbin, Contracts, Sec. 1375. The learned trial judge refused to ride it, and we concur in his judgment. As we see it, the questioned provision was a reasonable requirement beneficial to both Goodrich and the dealer; it provided the dealer with a trained supervisor of its credit transactions and secured for Goodrich standard credit practices for the sale and distribution of its nationally marketed products. No question of misrepresentation or fraud is involved.

As stated in Wallihan v. Hughes, 1954, 196 Va. 117, 82 S.E.2d 553, 558:

"The law looks with favor upon the making of contracts between competent parties upon valid consideration and

682

for lawful purposes. Public policy has its place in the law of contracts,— yet that will-o'-the-wisp of the law varies and changes with the interests, habits, need, sentiments and fashions of the day, and courts are averse to holding contracts unenforceable on the ground of public policy unless their illegality is clear and certain."

Were we to assume for the sake of argument that the operator here was an agent or servant of Goodrich, it would not follow that Goodrich impliedly authorized the operator to embezzle or convert funds of the dealer. The crime alleged here was not calculated to advance the cause of Goodrich nor to be appropriate to the normal scope of the operator's employment. See Restatement of the Law, Agency 2d Sec. 231 and annotation 15 A.L.R.2d 829–861 for discussion of topic.

The judgment is affirmed.