■ PASQUALE CIPRIANO et al., Respondents, v FYM ASSOCIATES, Appellant.—In a negligence action to recover damages for personal injuries, etc., defendant appeals from an order of the Supreme Court, Suffolk County (Jones, J.), dated March 6, 1985, which denied its motion for summary judgment dismissing plaintiffs' complaint.

Order reversed, on the law, with costs, motion granted and complaint dismissed.

Plaintiff Pasquale Cipriano was allegedly injured while working on the roof of premises owned by the defendant FYM Associates, a limited partnership. Pasquale was an employee of Licari & Co. Builders, Inc. (hereinafter Licari Builders), which is not a party to this action. He has collected benefits for his injury pursuant to the provisions of the Workers' Compensation Law. Plaintiffs allege that Pasquale's injuries were caused by the defendant's negligence and failure to comply with Labor Law §§ 240, 241. In its answer, defendant asserts, *inter alia,* the affirmative defense of Workers' Compensation Law § 11, contending that plaintiffs' exclusive rem-

edy is confined to receipt of workers' compensation benefits. Defendant also moved for summary judgment dismissing plaintiffs' complaint. Special Term denied defendant's motion, finding that it had failed to present sufficient facts to show that plaintiff Pasquale Cipriano was actually employed by defendant. The record amply supports this finding. However, we find that reversal is warranted under an alternative theory.

Generally, a plaintiff may not bring an action against his employer in its capacity as a property owner *(Billy v Consolidated Mach. Tool Corp.,* 51 NY2d 152); his exclusive remedy is a claim under his employer's workers' compensation policy of insurance (Workers' Compensation Law §§ 11, 29 [6]). For purposes of the sections 11 and 29 defenses to a common-law action, a partnership and its partners are considered one entity when acting in furtherance of partnership business. Thus, a plaintiff is barred from bringing an action against a partner, where the partnership is the plaintiff's employer *(see, Williams v Hartshorn,* 296 NY 49; *Claudio v Lefrak,* 100 AD2d 837). A review of the record convinces us that the general partner, Licari Builders, was acting in furtherance of partnership business in employing the injured plaintiff. The partnership agreement indicates that the partnership's express purpose was to purchase and develop the premises on which the accident occurred, and Licari Builders, as one of the general partners, was expressly authorized to construct the improvements on the premises. Licari Builders kept the partnership's business records, and its labor costs were reimbursed by the partnership. Licari Builders was essentially the alter ego of defendant partnership. Plaintiffs' exclusive remedy for personal injury, loss of services and loss of consortium is thus limited to their claim under Licari Builders' policy of workers' compensation insurance.

This court's recent opinion in *Lindner v Kew Realty Co.* (113 AD2d 36) is distinguishable from the instant case because liability in that case was predicated on the wrong of a partner who had no employment relationship with the injured plaintiff. In the case at bar, however, the partnership could act only through one of the two general partners. Licari Builders was plaintiff Pasquale Cipriano's true employer and Gaetano V. Licari was, as an officer of Licari Builders, a coemployee of the injured plaintiff *(see, Heritage v Van Patten,* 59 NY2d 1017). Mr. Licari also supervised the work at the premises where plaintiff Pasquale Cipriano was injured. Their duty, or breach thereof, is directly connected to their employment

relationship with plaintiff, and, therefore, falls within that complex of duties arising out of the employment relation *(see, Lindner v Kew Realty Co., supra,* at pp 44-45). Mollen, P. J., Gibbons, Thompson and Brown, JJ., concur.