764 P.2d 499

**Donna SALSWEDEL,
Plaintiff–Appellant,**

v.

**ENERPHARM, LTD., a New Mexico
Partnership, Defendant–Appellee.**

No. 9813.

Court of Appeals of New Mexico.

Oct. 11, 1988.

William S. Ferguson, Ferguson & Lind, P.C., Albuquerque, for plaintiff-appellant.

Don E. Lepley, Butt, Thornton and Baehr, P.C., Albuquerque, for defendant-appellee.

William H. Carpenter, Carpenter & Goldberg, P.A., Albuquerque, for amicus curiae N.M. Trial Lawyers Ass'n.

## OPINION

MINZNER, Judge.

Plaintiff appeals from the trial court's decision granting defendant's motion for summary judgment and dismissing her negligence action with prejudice. At the time of her accident, plaintiff was an employee of Nuclear Pharmacy, one of three corporations which formed defendant partnership Enerpharm. Plaintiff contends that her action is not barred by NMSA 1978, Section 52-1-6(D) (Repl.Pamp.1987), because Enerpharm is a "person other than [her] employer" within the meaning of the Workers' Compensation Act. We invited the participation of amicus curiae and scheduled oral argument. We now reverse.

### BACKGROUND.

Enerpharm was organized for the purpose of acquiring, improving, and maintaining real property located in Bernalillo County. Nuclear Pharmacy manufactures pharmaceutical supplies. It leased a building and an adjacent parking lot from Enerpharm.

In the course and scope of her employment, plaintiff parked her car in the parking lot. On December 30, 1982, she slipped and fell on layers of ice covered by newly-fallen snow and sustained a severe head injury.

Plaintiff's complaint alleged that Enerpharm negligently maintained the sprinkler system, creating thick layers of ice on the pavement. Snow then covered the ice. Plaintiff sought judgment against the partnership; she did not join the partners.

In its answer, defendant raised the affirmative defense that plaintiff's exclusive remedy was under the New Mexico Workers' Compensation Act. See § 52-1-6(D). The trial court apparently granted summary judgment because it considered the employer and the partnership in which it participated essentially the same defendant, making plaintiff's only possible cause of action a claim for workers' compensation benefits. Plaintiff claimed workers' compensation benefits and collected those benefits from Nuclear Pharmacy during November and December of 1984 and January of 1985. The trial court conditioned its order dismissing plaintiff's negligence action on the filing of a claim for workers' compensation benefits and the admission by Nuclear Pharmacy and its workers' compensation carrier that plaintiff was injured in the scope and course of her employment. At oral argument before this court, counsel for defendant advised the panel that plaintiff's entitlement to workers' compensation benefits had been settled as a result of a suit filed against Nuclear Pharmacy pursuant to the trial court's condition.

On appeal, plaintiff asserts that the trial court erred in granting summary judgment on the issue of Enerpharm's liability because material issues of fact remain. She argues, first, that Nuclear Pharmacy may not be immune from suit under Section 52-1-6(D), because Nuclear Pharmacy was acting in a "dual capacity" or has a "dual persona." Second, plaintiff argues that even if Nuclear Pharmacy is immune from suit, Nuclear Pharmacy's immunity cannot be extended to Enerpharm or to the partners in Enerpharm other than Nuclear Pharmacy.

For the reasons that follow, we conclude that, under some circumstances, a partnership in Enerpharm's position is subject to suit. We conclude that summary judgment in favor of Enerpharm was inappropriate and remand for factual determinations on several issues.

### DISCUSSION.

Under Section 52-1-6(D), both an employer and an employee covered under the Workers' Compensation Act (Act) are deemed to have surrendered any right to

seek "any other method, form or amount of compensation or determination thereof" outside the provisions of the Act. However, the same subsection explicitly states: "Nothing in the ... Act, however, shall affect or be construed to affect, in any way, the existence of or the mode of trial of any claim or cause of action which the workman has against any person other than his employer. ..." Clearly, the Act intends to preserve an injured worker's right to pursue an action against a third party.

The dispositive appellate issue is whether a partnership in which the employer participates can ever be considered a third party for purposes of Section 52–1–6(D). We hold that the possibility exists and remand for further proceedings to determine whether this is such an instance.

Our initial inquiry is whether Enerpharm can be considered plaintiff's employer within the meaning of Section 52–1–6(D). The trial court apparently determined that, as a matter of law, Enerpharm had to be considered the same entity as plaintiff's employer, Nuclear Pharmacy, because of the relationship between Enerpharm and Nuclear Pharmacy. We disagree.

■ The Uniform Partnership Act, adopted in New Mexico and appearing at NMSA 1978, Sections 54–1–1 to –43 (Repl. Pamp.1988), recognizes that a partnership is a legal entity distinct from its member partners for some purposes. *See Loucks v. Albuquerque Nat'l Bank*, 76 N.M. 735, 418 P.2d 191 (1966). For example, a partnership is a distinct legal entity to the extent that it may sue or be sued in the partnership name. *Id.* The situation presented here turns on whether a partnership is a legal entity distinct from one of its individual members.

■ However, we believe resolution of the question of whether Enerpharm can be considered plaintiff's employer for purposes of Section 52–1–6(D) depends not so much upon the relationship between Enerpharm and Nuclear Pharmacy, but rather upon the relationship between Enerpharm and plaintiff. The crucial determination is whether an employment relationship exist-

ed between Enerpharm and plaintiff. *See Swiezynski v. Civiello*, 126 N.H. 142, 489 A.2d 634 (1985); *Lindner v. Kew Realty Co.*, 113 A.D.2d 36, 494 N.Y.S.2d 870 (1985). The factors to be considered in this determination are whether Enerpharm had a right to control plaintiff's performance and whether there was a corresponding right in plaintiff to seek remuneration from Enerpharm.

We therefore vacate the decision of the trial court and remand for a factual determination as to whether Enerpharm can be considered plaintiff's employer. If an employment relationship is found, then Section 52–1–6(D) clearly presents a bar to this suit.

Our inquiry does not end here, because, while Enerpharm can be sued as an entity, *Loucks v. Albuquerque Nat'l Bank*, it can be held liable only for the commission of a tort by a member partner or other agent. *Gatley v. Deters*, 128 Misc.2d 209, 489 N.Y. S.2d 684 (1985). According to New Mexico's Uniform Partnership Act, Section 54–1–13, the partnership is liable for the wrongful conduct of a partner *"to the same extent"* (emphasis added) as the offending partner. Thus, if plaintiff's claim is based solely or partially upon negligence attributable to her employer, Nuclear Pharmacy, the trial court must decide whether Enerpharm can claim derivative immunity with respect to that portion of liability pursuant to Section 54–1–13.

In deciding whether Enerpharm can claim derivative immunity from Nuclear Pharmacy, the first issue is whether Nuclear Pharmacy is immune from suit under Section 52–1–6(D). This issue must be decided, because Enerpharm cannot derive immunity from Nuclear Pharmacy if Nuclear Pharmacy does not have immunity.

Plaintiff asserts that Nuclear Pharmacy may not be immune from suit because either the "dual capacity" doctrine or the "dual persona" doctrine applies.

■ The "dual capacity" doctrine imposes liability outside the workers' compensation statutes where the facts show that employer's conduct contributed to the inju-

ry sustained and is conduct of a nature not associated with the employer's functions as an employer. 2A A. Larson, *The Law of Workmen's Compensation* § 72.81(a) (1988). Larson has criticized the "dual capacity" doctrine as loose and over-extended. *Id.* It has also been criticized in case law and rejected in favor of the "dual persona" doctrine. *See Henning v. General Motors Assembly Div.*, 143 Wis.2d 1, 419 N.W.2d 551 (1988). It is held with virtual unanimity that when the dual roles are those of employer and owner/occupier of land, they are not sufficiently distinct to allow imposition of liability. *See generally* Larson, *supra*, § 72.82; *see, e.g., Royster v. Montanez*, 134 Cal.App.3d 362, 184 Cal. Rptr. 560 (1982).

■ In *Royster v. Montanez*, the California Court of Appeals specifically disapproved of application of the "dual capacity" doctrine in cases where an employer was also a landowner and the basis for liability was one connected with the maintenance and repair of property. As the *Royster* court noted:

> [A] substantial proportion of work-related injuries are caused, or plausibly can be alleged to be caused, by a dangerous condition of the place of employment. If the dual capacity doctrine were to be construed so broadly as to create premises liability in every such instance, little would be left to which exclusivity of remedy [provision of the workers' compensation statute] could attach.... [T]he balance of reciprocal concessions which is the foundation of the workers' compensation system would be seriously disturbed.

134 Cal.App.3d at 373, 184 Cal.Rptr. at 566. We agree, and, therefore, will not apply the "dual capacity" doctrine in cases such as this. *See also Sharp v. Gallagher*, 95 Ill. 2d 322, 69 Ill.Dec. 351, 447 N.E.2d 786 (1983).

■ Under the "dual persona" doctrine, an employer may become a third person, vulnerable to a tort suit by an employee, if, and only if, he possesses a second persona completely independent from and unrelated to his status as employer. Larson, *supra*,

§ 72.81; *Henning v. General Motors Assembly Div.*

We believe an employer becomes vulnerable to a tort action by an employee and loses the immunity of Section 52–1–6(D) if the employer possesses a second persona sufficiently independent from and unrelated to the status of employer. Therefore, we will apply the "dual persona" doctrine to cases such as this. Larson, *supra*, § 72.81; *Henning v. General Motors Assembly Div.* The employer's immunity from the additional, unpredictable tort liability of a third party should extend as far as, but only as far as, the employer has a reasonable expectation of immunity.

Never allowing the employer to be sued as a third party would give rise to the same type of situation we noted in *Hernandez v. Home Educ. Livelihood Program, Inc.*, 98 N.M. 125, 645 P.2d 1381 (Ct.App.1982). There, summary judgment was reversed because the trial court erroneously equated the fact of employment with the exclusivity provisions of the Workers' Compensation Act. This court rejected an argument that would have required us:

> [T]o abolish any tort claim for an employee's injury, even if it resulted from an automobile accident in which the employer, while returning from church, runs into the employee who is on his way to a baseball game ... is a result never contemplated nor considered by the work[er]'s compensation enactment.

98 N.M. at 128, 645 P.2d at 1384.

Whether Nuclear Pharmacy has a "dual persona," which is not immune from suit, is a question of fact which must be resolved by the trial court on remand. If Nuclear Pharmacy is found to be immune, then the issue of whether the immunity extends to shield Enerpharm from suit will arise.

A partnership is liable for tortious acts committed in the ordinary course of partnership business by a member partner or other agent. *See* § 54–1–13. While a partnership can be sued as an entity, it can only be held liable for the commission of a tort by a member partner or other agent. *Gatley v. Deters.* Although in this case the claim is described as based on an alleged

tortious act of the partnership, plaintiff is actually asserting negligence on the part of an agent of the partnership, which may be imputed to the other partners.

■ However, immunity from liability is strictly construed, and is not to be extended from the individual partner to the partnership. *Mathews v. Wosek*, 44 Mich.App. 706, 205 N.W.2d 813 (1973); *Eule v. Eule Motor Sales*, 34 N.J. 537, 170 A.2d 241 (1961); *cf. Restatement (Second) of Agency* § 217(b) (1958) (a principal is not entitled to rely on the immunity granted its agent). Although the law permits the attribution of one partner's fault to another, it does not necessarily follow that the partnership and other partners must be given immunity from suit when the partner whose negligence gives rise to suit is immune from suit. A distinction can be made between fault or culpability and liability for damages.

We believe the question of whether the partnership and the other partners should also be deemed immune as a matter of law is a policy question. *See Mathews v. Wosek*. We answer the question in favor of the worker. *Id.; Eule v. Eule Motor Sales*.

Good reason exists for preserving the right of an injured worker to sue a third person to the maximum extent that such actions are consistent with workers' compensation laws. The fixed dollar ceiling on benefits under the workers' compensation laws are the result of a trade-off of certain liability of the employer for reduced awards for the employee. Injured workers are entitled not only to recovery against employers under workers' compensation laws, but also against third parties under tort law.

*Lyon v. Barrett*, 89 N.J. 294, 305, 445 A.2d 1153, 1158 (1982). In *Lyon v. Barrett*, an employee was allowed to recover against the individual who owned the building and rented part of it to his own professional corporation, which was plaintiff's employer. Plaintiff had recovered workers' compensation benefits from the professional corporation.

When an employer enters into a separate, distinct investment, such as a partnership to acquire and manage real property, we see no reason why a reasonable expectation of immunity extends to the actions of that separate endeavor. The "dual persona" doctrine allows a third party suit against an employer when the facts demonstrate the employer's status as a "separate legal entity." The central requirement is that there be a separate and distinct legal persona rather than merely a second theory of liability in the same person. *See* Larson, *supra,* § 72.61(c).

Notwithstanding the foregoing, we note that, under some circumstances, the partnership and partners must be considered one entity. *Cipriano v. FYM Assocs.*, 117 A.D.2d 770, 499 N.Y.S.2d 101 (1986). For example, where the partnership is the alter ego of the employer partner, it would be appropriate to view both the partnership and the employer partner as immune.

In *Cipriano v. FYM Assocs.*, a New York appellate court found that the partnership and the partners were acting solely in furtherance of partnership business because the partnership agreement specified that its purpose was to purchase and develop the very premises at issue, one of the partners was retained to construct those improvements, that partner kept the partnership record and was reimbursed by the partnership, and there were only two partners: the building company itself and an officer of the building company who supervised the work. In such a fact pattern, there is no dual persona. There may be other fact patterns as well, in which for purposes of Section 52–1–6(D), a partnership and its partners must be considered one entity. *See Sharp v. Gallagher.* This we need not decide.

On the record before us, there are several issues of fact that make summary judgment inappropriate. The first issue is whether Enerpharm is plaintiff's employer. If an employment relationship exists between plaintiff and Enerpharm, Enerpharm is clearly immune from suit under Section 52–1–6(D). Another issue is whether Nuclear Pharmacy has a dual persona as part-

ner that is independent from and unrelated to its status of employer to the extent that Nuclear Pharmacy would not be immune from suit in its partnership capacity. This determination is necessary, because, if Nuclear Pharmacy is not immune from suit, Enerpharm cannot derive any immunity from Nuclear Pharmacy. Finally, assuming that Nuclear Pharmacy is immune from suit as partner, the remaining issue is whether Enerpharm and Nuclear Pharmacy are sufficiently separate and distinct entities, so that Nuclear Pharmacy's immunity from suit cannot be extended to Enerpharm.

We do not decide, because the issue is not before us, whether Nuclear Pharmacy will be liable for any portion of a judgment rendered against the partnership, in the event that partnership assets prove insufficient.

CONCLUSION.

For these reasons, we conclude that a suit against Enerpharm is not necessarily barred by Section 52–1–6(D). Genuine issues of material fact exist regarding Enerpharm's relationship with plaintiff and with Nuclear Pharmacy. These issues must be decided before a determination can be made concerning Enerpharm's immunity from suit.

The order granting summary judgment is reversed, and the case is remanded for further proceedings consistent with this opinion. Plaintiff shall recover her appellate costs.

IT IS SO ORDERED.

BIVINS and APODACA, JJ., concur.