This memorandum opinion was not selected for publication in the New Mexico Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

**IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO**

**PATRICK WELLS, LAURA WELLS, and ROBERT RIVERA,**

Plaintiffs-Appellants,

v.                                                                              **NO. 31,134**

**FULFER OIL & CATTLE COMPANY, LLC, and GREGGORY FULFER, a/k/a GREGG FULFER,**

Defendants-Appellees.

**APPEAL FROM THE DISTRICT COURT OF LEA COUNTY**
**Steven L. Bell, District Judge**

Templeman and Crutchfield
C. Barry Crutchfield
Lovington, NM

Curtis L. Marsh
Dallas, Texas

for Appellants

Beall & Biehler
Josh A. Harris
Albuquerque, NM

for Appellees

**MEMORANDUM OPINION**

**VANZI, Judge.**

Plaintiffs appeal from the district court's orders granting summary judgment on all issues in favor of Defendants and denying Plaintiffs' motion to reconsider, ruling that the exclusivity provisions of the Workers' Compensation Act (WCA) bar Plaintiffs' tort claims. Unpersuaded by Plaintiffs' arguments that summary judgment was inappropriate, we issued a notice of proposed summary disposition, proposing to affirm. Defendants filed a memorandum in support of our notice, and Plaintiffs filed a memorandum in opposition to our notice. We have considered both responses and remain persuaded that summary judgment was proper. We therefore affirm.

On appeal, Plaintiffs argue that the district court erred by ruling that Plaintiffs did not allege sufficient facts to support their theory that Fulfer Oil & Cattle (Fulfer Oil) was not immune from tort liability under the "dual persona" doctrine and that genuine issues of material fact regarding the dual persona doctrine should have precluded summary judgment. [DS 13-14; MIO 2-7] Plaintiffs' response to our notice argues that we confused the doctrine of "dual capacity" for the doctrine of "dual persona." [MIO 1-2] They also argue that *Salswedel v. Enerpharm, Ltd.*, 107

2

N.M. 728, 764 P.2d 499 (Ct. App. 1988), controls the analysis. [MIO 2] Plaintiffs have not convinced us that our analysis is incorrect or that they established a genuine issue of material fact.

Plaintiffs' response seems to indicate that the "dual persona" doctrine involves only a "separate legal status." [MIO 2] To the contrary, "[u]nder the 'dual persona' doctrine, an employer may become a third person, vulnerable to a tort suit by an employee, if, and only if, he possesses a second persona completely independent from and unrelated to his status as employer[,]" and the injury incurred was unrelated to the employment relationship. *Salswedel*, 107 N.M. at 730-31, 764 P.2d at 501-02 (noting that the "crucial determination is whether an employment relationship existed between [the parties]"). Plaintiffs have not established a role or second persona for Fulfer Oil or Gregg Fulfer that is completely independent from and unrelated to their status as employer and have established no facts to indicate that the injury incurred was unrelated to the employment relationship. Plaintiffs' factual assertions indicate only that Gregg Fulfer was not Plaintiffs' only supervisor. [MIO 3-4] This is not sufficient to demonstrate a dual persona that would fit within an exception to the exclusivity provisions of the WCA. *See Garrity v. Overland Sheepskin Co.*, 1996-NMSC-032, ¶ 40, 121 N.M. 710, 917 P.2d 1382.

It appears that Plaintiffs seek to avoid the WCA's exclusivity by attempting to distinguish Fulfer Oil from a statutory employer and characterize 3-K Oil and Gas Services (3-K) as an independent contractor. *See Hamberg v. Sandia Corp.*, 2008-NMSC-015, ¶ 9, 143 N.M. 601, 179 P.3d 1209 ("A statutory employment relationship exists when any employer procures any work to be done wholly or in part for him by a contractor other than an independent contractor and the work so procured to be done is a part or process in the trade or business or undertaking of such employer." (alteration, internal quotation marks and citation omitted)). We base our understanding of Plaintiffs' arguments on what they characterize as material factual issues.

Plaintiffs contend that they established the following factual issues surrounding the role of and control exercised by Gregg Fulfer and Fulfer Oil over Plaintiffs: (1) 3-K personnel was hired to erect the storage tanks for Fulfer Oil with all other operations of Fulfer Oil left to its own personnel; (2) Mr. Haddox, not Gregg Fulfer, was the supervisor of 3-K on the installation of the storage tanks; and (3) Gregg Fulfer did not perform actual day-to-day work for 3-K. [MIO 2-4]

Plaintiffs' factual assertions that 3-K was not their only employer do not indicate that 3-K was an independent contractor. "An independent contractor is a person who contracts with another to do something for him but who is not *controlled*

4

by the other nor subject to the other's right to control with respect to his physical conduct in the performance of the undertaking." *Chavez v. Sundt Corp.*, 1996-NMSC-046, ¶ 9, 122 N.M. 78, 920 P.2d 1032 (internal quotation marks and citation omitted). The standard for an independent contractor does not test the extent to which Fulfer Oil or Gregg Fulfer exercised control over Plaintiffs or whether they actually supervised the day-to-day installation of the storage tanks. Rather, the standard looks at the totality of the circumstances "in determining whether the employer has the right to exercise essential control over the work . . . including but not limited to . . . direct evidence of the exercise of control, or the right to terminate the employment relationship at will, by either party, and without liability . . . whether or not the work is a part of the employer's regular business, and a host of other factors[.]" *Id.* ¶ 10 (internal quotation marks, and citations omitted).

Plaintiffs have not alleged any facts that would indicate that Gregg Fulfer or Fulfer Oil had no right to exercise control over Plaintiffs or the work they were doing when they were injured. As the notice stated and is not disputed by Plaintiffs, Gregg Fulfer owns both Fulfer Oil and 3-K; he was the employer and overall supervisor of all employees of Fulfer Oil and 3-K with the power to hire and fire the employees at will. [RP 140; CN 3-4] 3-K does not produce any goods itself; it performs services as a subcontractor for oil production companies on their property and at their

direction, including lease operation and tank installation and maintenance. [RP 140] As part of its operations, Fulfer Oil hired 3-K to install four oil storage tanks and to conduct their maintenance and daily lease operation, which Plaintiffs did at the direction of Gregg Fulfer on behalf of Fulfer Oil. [Id.] Plaintiffs were injured in an accidental explosion during the installation of a catwalk on top of an oil storage tank, while they were employed by 3-K and contracted by Fulfer Oil to perform this work on Fulfer Oil's property. [Id.; DS 9] Just because Plaintiffs had a supervisor at 3-K does not mean that Gregg Fulfer, owner and controller of 3-K, or Fulfer Oil, also owned and controlled by Gregg Fulfer, had no right to exercise control over Plaintiffs who are employees of 3-K. No reasonable view of the undisputed facts would indicate that 3-K was an independent contractor. Rather, the facts indicate that 3-K was a subcontractor. *See Chavez*, 1996-NMSC-046, ¶ 9 ("When a subcontractor is employed to perform services in the affairs of another and who with respect to the physical conduct in the performance of the services is subject to the other's control or right to control, the subcontractor is not an independent contractor." (internal quotation marks and citation omitted)).

We believe that Gregg Fulfer and Fulfer Oil were properly characterized as statutory employers and therefore immune from tort liability under the WCA's exclusivity provisions. *See Hamberg*, 2008-NMSC-015, ¶ 9. For these reasons and

6

those stated in our notice, we affirm the district court's order granting summary judgment in favor of Defendants.

**IT IS SO ORDERED.**

_____
**LINDA M. VANZI, Judge**

**WE CONCUR:**

_____
**JONATHAN B. SUTIN, Judge**

_____
**TIMOTHY L. GARCIA, Judge**