2007-NMCA-085

164 P.3d 90

**Douglas L. CAIN and Donald Hastie, Plaintiffs–Appellants,**

v.

**CHAMPION WINDOW COMPANY OF ALBUQUERQUE, LLC, Defendant–Appellee,**

and

**Frederick Hammett, individually and d/b/a Fixity Fixation, Defendant.**

**No. 26,104.**

Court of Appeals of New Mexico.

May 17, 2007.

210

O'Brien & Ulibarri, P.C., Daniel P. Ulibarri, Albuquerque, NM, for Appellants.

Hatch, Allen & Shepherd, P.A., Donna L. Chapman, Amy M. Cardwell, Albuquerque, NM, for Appellee.

## OPINION

FRY, Judge.

{1} Plaintiffs appeal from summary judgment in favor of Defendant Champion Window Co. of Albuquerque, LLC (Champion). Plaintiffs contend that the district court erred when it found as a matter of law that Champion is not liable for the damage allegedly caused by the negligence of Champion's employee, Defendant Frederick Hammett, when he installed a gas stove for Plaintiffs on his day off and without Champion's knowledge. We disagree with Plaintiffs and affirm.

### BACKGROUND

{2} We summarize the evidence in the light most favorable to Plaintiffs, the non-moving parties. *See Celaya v. Hall,* 2004-NMSC–005, ¶ 7, 135 N.M. 115, 85 P.3d 239. Plaintiffs purchased replacement windows from Champion. At the time of the purchase, a Champion sales associate told Plaintiffs that a licensed contractor would be sent to their home to install the windows. Plaintiffs also inquired of Champion about purchasing an exterior door. A Champion employee told Plaintiffs that Champion did not sell that type of door, but that they could talk to the contractor who would come to install the windows about a recommendation for purchasing the door from another vendor and that the contractor might be able to install the door.

{3} Champion sent Hammett to Plaintiffs' house to install the windows. Hammett is not a licensed contractor. When Hammett arrived to install the windows, he drove a Champion truck and placed a sign in Plaintiffs' front yard announcing that Champion was providing services. Plaintiffs asked Hammett for a recommendation about the door, and Hammett provided a referral. He also told Plaintiffs that he could install the door if they obtained the door and the requisite installation materials. Hammett spoke with his supervisor while he was installing the windows and told him that Plaintiffs had asked for a recommendation about the door. The supervisor then told Hammett that he had previously told Plaintiffs that they could ask Hammett for a referral and that Hammett might do the work. The supervisor told Hammett he was free to do the work on his own time.

{4} About a month later, after they had obtained the door, Plaintiffs contacted Hammett on his personal cell phone, and Hammett returned to Plaintiffs' house on a Saturday to install the door. He drove his own truck and brought his son with him. After installing the door, Plaintiffs asked Hammett to install a natural gas stove. Hammett was preparing to leave, but Plaintiffs "pressured" him to install the stove. Hammett attempted to install the stove and to hook up the natural gas supply, but he was unsuccessful in getting the stove to light. Hammett shut down all the gas to the stove and urged Plaintiffs to have a plumber check out the gas lines. After Hammett left, the natural gas ignited and the ensuing fire caused extensive property damage. Plaintiffs sued Hammett and Champion for the damage to their house caused by Hammett's allegedly improper installation of the stove.

{5} Champion moved for summary judgment and argued that Hammett was acting on his own behalf when he attempted to install the stove. It claimed that it could not be liable under any theories advanced by Plaintiffs. The district court agreed and granted summary judgment in Champion's favor. Additional facts are set forth as necessary in the discussion that follows.

## DISCUSSION

### Standard of Review

{6} The standard of review on summary judgment is de novo. *Self v. United Parcel Serv., Inc.,* 1998–NMSC–046, ¶ 6, 126 N.M. 396, 970 P.2d 582. This Court will affirm the grant of summary judgment when there is no evidence raising a reasonable doubt about any genuine issue of material fact and the moving party is entitled to judgment as a matter of law. *See State ex rel. Office of State Eng'r v. Lewis,* 2007–NMCA–008, ¶ 24, 141 N.M. 1, 150 P.3d 375. We resolve all reasonable inferences in favor of the non-movant and view the pleadings, affidavits, depositions, answers to interrogatories, and admissions in a light most favorable to a trial on the merits. *See Carrillo v. Rostro,* 114 N.M. 607, 615, 845 P.2d 130, 138 (1992).

{7} Although all reasonable inferences are resolved in favor of the non-movant, once the movant makes a prima facie showing that he is entitled to summary judgment, "the burden shifts to the party opposing the motion to demonstrate the existence of specific evidentiary facts which would require trial on the merits." *Roth v. Thompson,* 113 N.M. 331, 334–35, 825 P.2d 1241, 1244–45 (1992); *see Ciup v. Chevron U.S.A., Inc.,* 1996–NMSC–062, ¶ 7, 122 N.M. 537, 928 P.2d 263 (stating that once the movant makes a prima facie case, the burden "shifts to the opponent to show at least a reasonable doubt, rather than a slight doubt, as to the existence of a genuine issue of fact"). The non-movant cannot rely on the allegations in its complaint or on the argument of counsel to defeat summary judgment. *Id.*

### Respondeat Superior

{8} Plaintiffs alleged that Champion was vicariously liable for Hammett's negligence in installing the gas stove. In order to prove this allegation, Plaintiffs had the burden of establishing that Hammett was Champion's employee and that Hammett was acting within the scope of his employment at the time he installed the gas stove. *See* UJI 13–406 NMRA (defining vicarious liability of employer). The parties do not appear to dispute the fact that Hammett was Champion's employee; their disagreement focuses on whether Hammett was acting within the scope of his employment. The district court concluded, as a matter of law, that Hammett was not so acting.

{9} "Generally, whether an employee is acting in the course and scope of employment is a question of fact. However, when no reasonable trier of fact could conclude that an employee is acting in the course and scope of employment, summary judgment is properly granted." *Rivera v. N.M. Highway & Transp. Dep't,* 115 N.M. 562, 564, 855 P.2d 136, 138 (1993) (citation omitted).

{10} In New Mexico,

An act of an employee is within the scope of employment if:

1. It was something fairly and naturally incidental to the employer's business assigned to the employee, and

2. It was done while the employee was engaged in the employer's business with the view of furthering the employer's interest and did not arise entirely from some external, independent and personal motive on the part of the employee.

UJI 13–407 NMRA.

{11} In support of its motion for summary judgment, Champion submitted portions of Hammett's deposition. Hammett's undisputed testimony and reasonable inferences from his testimony established that: (1) Champion did not know whether or when Hammett was going to install the door, and because Hammett himself did not know he was going to install the stove until after he had installed the door, Champion did not know that Plaintiffs intended to ask Hammett to install the stove; (2) Plaintiffs contacted Hammett on his personal cell phone after they had purchased the door to arrange for installation; (3) Hammett was not driving the Champion vehicle when he performed the door and stove installations; (4) Hammett performed the door and stove installations on his day off; (5) Hammett brought his son with him to install the door, which is against Champion policy; and (6) Hammett was not working for Champion when he went to Plaintiffs' house to install the door. This testimony established a prima facie case that the only employment activity with regard to

Plaintiffs assigned to Hammett by Champion was the installation of the windows, and that Hammett's installation of the stove arose entirely from a motive external to Champion's business and personal to Hammett. *See Valdez v. Warner*, 106 N.M. 305, 306, 742 P.2d 517, 518 (Ct.App.1987) (affirming trial court's refusal to instruct the jury on scope of employment when evidence established that the employee was furthering his own interests when he injured the plaintiff).

{12} In their response to Champion's motion, Plaintiffs also submitted portions of Hammett's deposition and relied on testimony that: (1) Champion had no rules or regulations prohibiting Hammett from soliciting outside work from homeowners he originally met while working for Champion, (2) Champion knew that Hammett did side jobs without inquiring as to the type of work he did, and (3) Champion provided Hammett with a vehicle bearing Champion's logo for which Champion paid gas and insurance and for which Champion had no rules restricting the time when the vehicle could be used. This evidence does not rebut Champion's prima facie evidence that Hammett was not acting in the scope of his employment with Champion when he installed the stove. Champion's knowledge and acceptance that Hammett was doing outside work does not establish that the outside work was fairly and naturally incidental to the business Champion assigned to Hammett, which was the installation of windows. This is especially so because Hammett performed the work on his day off, using his own vehicle, without the specific knowledge of Champion, and because Hammett himself did not consider himself to be working for Champion when he installed the stove. Plaintiffs have cited no case law establishing that a person acts within the scope of his employment merely because the employer knows of other work the person does in his free time.

■ {13} Plaintiffs argue that the district court inappropriately made a factual finding when it stated that "Champion didn't know that Mr. Hammett was doing this particular job. They testified they didn't know that he was doing this job." Plaintiffs argue that because there was no testimony from Cham-

pion, the district court "must have improperly assessed credibility to Defendant Hammett's statements about what he thought Defendant Champion knew about the work at Plaintiffs' house." We disagree. There was no testimony or other evidence contradicting Hammett's statements that he never told his supervisor when or if he would do the requested door installation and that Plaintiffs did not ask him to install the stove until after he had installed the door. Therefore, the district court did not need to make a credibility determination.

■ {14} Similarly, we do not agree that the district court made an improper credibility determination that Hammett did not put up a sign when he arrived at Plaintiffs' residence to install the door. Plaintiffs argue that the district court disregarded information showing that once Hammett placed the Champion sign in Plaintiffs' yard at the time he installed the windows, the sign "remained in the yard for the short period of time that passed until the second visit, after which the fire started." The district court properly disregarded this argument because there is nothing in the record regarding Hammett's failure to remove the sign after installing the windows. The only suggestion that the sign remained after Hammett installed the windows came from Plaintiffs' counsel. Arguments by counsel are not evidence and cannot be used to create a material issue of fact to defeat summary judgment. *Oschwald v. Christie*, 95 N.M. 251, 253, 620 P.2d 1276, 1278 (1980) (holding that the opponent to summary judgment cannot meet its burden of establishing a material fact by relying on mere arguments and contentions); *C & H Constr. & Paving Co. v. Citizens Bank*, 93 N.M. 150, 163, 597 P.2d 1190, 1203 (Ct.App.1979) (stating that an assertion is not entitled to consideration absent support by affidavit or admissible evidence).

■ {15} Plaintiffs argue that their interrogatory answers raise an issue of fact as to whether Hammett was "cloaked with the authority of agency" at the time Hammett installed the stove. However, these answers state only that: (1) Champion promised to send a licensed contractor to do the agreed work—install windows, (2) Hammett placed a

sign in Plaintiffs' yard when he came to install the windows, and (3) Hammett arrived in a Champion vehicle when he came to install the windows. Plaintiffs attempt to rely on the omissions in the interrogatory answers as support for their claim. For example, they note that Plaintiffs never said that Hammett removed the sign and Plaintiffs never said that Hammett was *not* driving a Champion vehicle when he returned to do the door and stove work. We decline to consider this missing information, especially given Hammett's unrebutted deposition testimony that he drove his own vehicle on the day he installed the door and the stove, and his unrebutted testimony that he was doing the work on behalf of himself, not Champion.

{16} Finally, there is nothing in the record to support Plaintiffs' contention that "the work being performed by Defendant Hammett was part of the regular work performed by Defendant Champion." There is no evidence that Champion had anything to do with installing gas stoves.

{17} Based upon the foregoing, we do not agree with Plaintiffs that there is any genuine issue of material fact as to whether Hammett was acting within the scope of his employment with Champion at the time he installed the stove. To the contrary, we agree with the district court that as a matter of law Hammett's installation of the stove arose from a motive external to and independent of Champion's business and did not benefit Champion's interests. *See Los Ranchitos v. Tierra Grande, Inc.,* 116 N.M. 222, 227, 861 P.2d 263, 268 (Ct.App.1993) (affirming summary judgment for the defendant when evidence established that the defendant's employee's embezzlement from the plaintiff was activated by her personal motives and could not reasonably be found to serve or advance the defendant's interests).

**Negligent Supervision**

{18} Plaintiffs argue that there were issues of fact precluding summary judgment on their claim that Champion negligently supervised Hammett. *See id.* at 228, 861 P.2d at 269 (recognizing that an employer may be held liable for negligent supervision "even though it is not responsible for the wrongful acts of the employee under the doctrine of respondeat superior"). "The proper standard for determining whether an employer should be held liable for negligent supervision or retention of an employee [is] ... whether the employer knew or reasonably should have known that some harm might be caused by the acts or omissions of the employee who is entrusted with such position." *Los Ranchitos,* 116 N.M. at 228, 861 P.2d at 269. There must also be "a connection between the employer's business and the injured plaintiff." *Valdez,* 106 N.M. at 307, 742 P.2d at 519. The evidence that Champion presented, as outlined above, established as a matter of law that there was no nexus between Champion's employment of Hammett to install windows and Hammett's independent actions in installing the stove. *See F & T Co. v. Woods,* 92 N.M. 697, 698–701, 594 P.2d 745, 746–49 (1979) (holding that an employer was entitled to a directed verdict on the plaintiff's negligent hiring and retention claims based upon an employee's rape of the plaintiff when the evidence showed that "[a]t the time of the incident [the employee] was on his own time, was not acting within the scope of his employment, was not in the defendant's business vehicle, and had no authority from the defendant to enter [the] plaintiff's apartment").

{19} Plaintiffs argue that the holding in *Los Ranchitos* supports their claim of negligent supervision. We disagree. In *Los Ranchitos,* affidavits alleged that the defendant hired and paid the employee, who allegedly embezzled funds from the plaintiff, to perform services for the plaintiff for a monthly charge, that the work was performed at the defendant's office, and that the defendant supervised and monitored the employee's work and activities on a daily basis. 116 N.M. at 225, 228, 861 P.2d at 266, 269. We concluded that the affidavits established factual issues on the plaintiff's claims of negligent supervision and retention, and we reversed summary judgment that had been entered in the defendant's favor. *Id.* at 228–29, 861 P.2d at 269–70.

{20} This case does not present a similar issue of fact. Champion was not paying Hammett for the additional work, and the

work was not done on Champion's premises. Furthermore, because Hammett himself did not know about the stove installation until after he had installed the door, it is not possible to infer that Champion knew of the stove installation request and therefore could have supervised or monitored the work.

### Fraud

{21} Plaintiffs argue that Champion committed actionable fraud by informing Plaintiffs that they would be sending a licensed contractor to install the windows purchased by Plaintiffs from Champion. We disagree.

■ {22} "The elements of fraud include (1) a misrepresentation of fact, (2) either knowledge of the falsity of the representation or recklessness on the part of the party making the misrepresentation, (3) intent to deceive and to induce reliance on the misrepresentation, and (4) detrimental reliance on the misrepresentation." *Williams v. Stewart*, 2005–NMCA–061, ¶ 34, 137 N.M. 420, 112 P.3d 281. We agree that Plaintiffs' claim for fraud does not require an analysis of whether Hammett was acting within the course and scope of his employment. However, to recover in fraud, Plaintiffs must establish that they suffered damages that were proximately caused by justifiable reliance on Champion's misrepresentation that Hammett was licensed. *See id.* In light of the undisputed evidence submitted by Champion, there is no material issue of fact as to either justifiable reliance or proximate cause.

■ {23} Plaintiffs claim that they "relied to their great detriment" on Champion's representation that Hammett was an experienced, qualified contractor and argue that the district court made an inappropriate factual finding when it stated that "[t]he whole issue of license has no relevance to the installation of the door or the stove. The license has to go to how the windows were installed." They contend that their reliance on Champion's misrepresentation is a question for the jury. We are unpersuaded.

{24} The undisputed facts show that it was unjustifiable as a matter of law to rely on Champion's representation in determining whether Hammett was qualified to install the

stove. Hammett did not install the stove on behalf of Champion, and Champion's representation was directed at inducing Plaintiffs to purchase windows. Plaintiffs themselves acknowledge this. They concede that the representation was directed at the window purchase and installation when they state that the "only reasonable explanation for that representation would be to induce Plaintiffs to buy windows from Champion and have Champion do the labor." Any belief that someone who is qualified to install windows would also be competent to install a gas stove is purely speculative. If Hammett had failed to properly install the windows, the work he was ostensibly qualified to do, there might be a question of fact as to whether Plaintiffs had *justifiably* relied on Champion's misrepresentation to their detriment. However, there is no such question of fact in determining whether Plaintiffs could justifiably rely on Champion's representation when Plaintiffs were deciding that Hammett was competent to install a stove. *Cf. Blake v. Pub. Serv. Co. of N.M.*, 2004–NMCA–002, ¶¶ 2, 27, 134 N.M. 789, 82 P.3d 960 (affirming summary judgment in favor of the utility company because the plaintiff's alleged reliance on the presence of the street light when choosing which street to walk down was unreasonable as a matter of law because evidence indicated "that the streetlight at issue had been missing for seventeen years previous to [the p]laintiff's injury [and because i]t is unreasonable to continue to rely on the existence of a streetlight that has not been lit for seventeen years").

■ {25} Plaintiffs' fraud claim also fails for lack of a material issue of fact as to proximate cause. Plaintiffs argue that they are entitled to recover even in the absence of showing proximate cause because civil fraud does not require a showing of damages that are a "direct and natural consequence" of the misrepresentation. In support of their argument, Plaintiffs rely on a misreading of *Williams*. Plaintiffs contend that *Williams* set out the elements of fraud, which "do not include any requirement that the damages be direct and natural consequences of reliance on fraudulent misrepresentation." They contend further that, according to *Williams*,

they need not specifically prove damages, but only detrimental reliance. Contrary to Plaintiffs' assertions, this Court in *Williams* noted that a plaintiff is entitled to recover the damages proximately caused by fraud. 2005–NMCA–061, ¶ 34. We then stated that proximately caused damages are damages that are "the direct and natural consequences of the reliance on a fraudulent representation." *Id.* (internal quotation marks and citation omitted); *see also* UJI 13–1633 NMRA (stating that a defendant is liable for damages proximately caused by fraudulent misrepresentation).

 {26} Plaintiffs are correct that the issue of proximate cause is usually a question of fact for the jury. However, it is only a question of fact if reasonable minds could differ on the issue. Specifically, in the present case, we consider if reasonable minds could differ on the question of whether the damages from the negligently installed stove were a direct and natural consequence of Plaintiffs' reliance on the misrepresentation regarding Hammett's license. *See Lerma v. State Highway Dep't,* 117 N.M. 782, 784–85, 877 P.2d 1085, 1087–88 (1994) (recognizing that proximate cause is generally a question of fact unless the "facts regarding causation are undisputed and all reasonable inferences therefrom are plain, consistent and uncontradictory" (internal quotation marks and citation omitted)); *cf. Calkins v. Cox Estates,* 110 N.M. 59, 65 n. 6, 792 P.2d 36, 42 n. 6 (1990) (stating that "[a] court may decide questions of negligence and proximate cause, if no facts are presented that could allow a reasonable jury to find proximate cause"). When reasonable minds cannot differ, proximate cause is not a question of fact. *See F & T Co.,* 92 N.M. at 700, 594 P.2d at 748 (recognizing the long-established rule that proximate cause is ordinarily a question of fact but also recognizing that if reasonable minds cannot differ, causation is a question of law).

{27} In this case, it was unforeseeable as a matter of law that any misrepresentations made by Champion would cause Plaintiffs to retain Hammett to do stove installation work. As previously discussed, any misrepresentation as to Hammett's license was made in the context of the sale and installation of windows and, therefore, as a matter of law such misrepresentation could not be the proximate cause of the damages caused by a flawed installation of the stove. Even if Champion might have been liable in fraud if Hammett had negligently performed the window work, such liability would not extend to work that Champion never promised or even anticipated.

### Conspiracy to Commit Fraud

 {28} Plaintiffs also advanced the theory of conspiracy to commit fraud. In order to prevail on a claim for civil conspiracy, Plaintiffs must show: "(1) that a conspiracy between two or more individuals existed[,] (2) that specific wrongful acts were carried out by [Defendants] pursuant to the conspiracy[,] and (3) that [Plaintiffs were] damaged as a result of such acts." *Ettenson v. Burke,* 2001–NMCA–003, ¶ 12, 130 N.M. 67, 17 P.3d 440 (internal quotation marks and citation omitted). It is well established that Plaintiffs cannot recover on a claim for civil conspiracy unless they can recover against at least one of the conspirators for a specific wrongful act beyond the conspiracy itself. *Id.* ("[A] civil conspiracy by itself is not actionable, nor does it provide an independent basis for liability unless a civil action in damages would lie against one of the conspirators. A civil conspiracy must actually involve an independent, unlawful act that causes harm—something that would give rise to a civil action on its own." (internal quotation marks and citations omitted)); *see also Vigil v. Pub. Serv. Co. of N.M.,* 2004–NMCA–085, ¶ 20, 136 N.M. 70, 94 P.3d 813 (explaining that "a conspiracy claim fails as a matter of law when no actionable civil case exists against the defendants").

{29} We have concluded that the district court correctly dismissed Plaintiffs' complaint for fraud because the damages caused by the alleged negligent installation of the stove were not proximately caused by any reasonable reliance on Champion's misrepresentation as to Hammett's qualifications to install windows. As the lack of proximate cause negates the underlying fraud claim, Plaintiffs' cause of action for conspiracy must

fail as well. *See id.* ¶¶ 20–21; *Ettenson,* 2001–NMCA–003, ¶ 23.

## Unpreserved Issue

{30} In their reply brief, Plaintiffs first raise the contention that summary judgment was entered prematurely before they had an opportunity to conduct necessary discovery. Because Plaintiffs failed to raise this issue below, we decline to address it on appeal. *See Ciup,* 1996–NMSC–062, ¶ 22 (holding that the plaintiff's failure to raise alleged discovery disputes at the time of the summary judgment hearing waived that issue on appeal).

## Remaining Claims

{31} In their complaint, Plaintiffs also asserted claims for breach of express and implied warranty and loss of chance. The district court's order granting summary judgment dismissed all counts against Champion with prejudice. Plaintiffs' brief in chief and reply brief fail to mention the warranty and loss of chance theories. Therefore, they have abandoned any arguments in support of those claims. *See Bauer v. Coll. of Santa Fe,* 2003–NMCA–121, ¶ 17, 134 N.M. 439, 78 P.3d 76.

## CONCLUSION

{32} For the reasons set forth above, we affirm the district court's order dismissing Plaintiffs' complaint against Champion with prejudice.

{33} **IT IS SO ORDERED.**

WE CONCUR: JONATHAN B. SUTIN, Chief Judge, and LYNN PICKARD, Judge.