This memorandum opinion was not selected for publication in the New Mexico Reports.  Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

## IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**NANCY LEWIS,**

 Plaintiff-Appellant,

v.                                                                                         **NO.**  29,607

**ANTHONY SENA, JOSE GRIEGO, et al.,**

 Defendants-Appellees.

**APPEAL FROM THE DISTRICT COURT OF RIO ARRIBA**
**Sheri A. Raphaelson, District Judge**

Nancy Lewis
Espanola, NM

Pro Se Appellant

Long, Pound & Komer, P.A.
Little V. West
Santa Fe, NM

for Appellee

### MEMORANDUM OPINION

**BUSTAMANTE, Judge.**

Plaintiff appeals from this dismissal of her complaint. We issued a notice of proposed summary disposition, proposing to affirm. Plaintiff has filed a combined motion to amend the docketing statement and memorandum in opposition, together with a "proposed amended docketing statement" which we shall treat as an aspect of the memorandum in opposition. After due consideration, we remain unpersuaded by Plaintiff's arguments. We therefore affirm.

Plaintiff contends that her complaint was improperly dismissed. [DS 1-4; PADS 1-6] We briefly reiterate the applicable standards as follows. "A motion to dismiss tests the legal sufficiency of the complaint." *Lohman v. Daimler-Chrysler Corp.*, 2007-NMCA-100, ¶ 4, 142 N.M. 437, 166 P.3d 1091. "When the plaintiff is pro se, the pleadings must tell a story from which the essential elements prerequisite to the granting of the relief sought can be found or reasonably inferred." *Griffin v. Thomas*, 1997-NMCA-009, ¶ 8, 122 N.M. 826, 932 P.2d 516. "A complaint should not be dismissed [for failure to state a claim] unless there is a total failure to allege some matter essential to the relief sought." *Lohman*, 2007-NMCA-100, ¶ 4. In this context, "we accept all well-pleaded facts as true and evaluate whether the claimant could prevail under any state of facts which might be proven in accordance with the allegations of the complaint." *Id.*

In her original complaint, Plaintiff did not clearly identify which cause or causes of action she was pursuing. [RP 1-3] However, the title referred to "misrepresentation, lying, [and] dashing career." [RP 1] We are unaware of any cause of action for "dashing career" as such. Reading the complaint as broadly as possible, we will treat it is attempting to state a claim for misrepresentation.

Misrepresentation may form a basis for a valid tort claim, either as fraud or as negligent misrepresentation. A claim of either variety requires a false statement. *See* UJI 13-1632 NMRA (describing the elements of negligent misrepresentation); UJI 13-1633 NMRA (describing the elements of fraud); *Cain v. Champion Window Co. of Albuquerque, LLC*, 2007-NMCA-085, ¶ 22, 142 N.M. 209, 164 P.3d 90 (observing that, to recover in fraud, a claimant must establish that he or she suffered damages that were proximately caused by justifiable reliance on a misrepresentation).

Plaintiff's complaint does not contain any allegation of a false statement. [RP 1-3] It merely indicates that Plaintiff received a copy of a memo. [RP 1-3] That memo was addressed to "Adjunct faculty," and indicated generally that orientation would be taking place to assist part-time faculty in preparing for the upcoming semester. [RP 23] Nothing contained within that memo appears to have been objectively untrue. Although Plaintiff argues the memo "*became* a false statement when [it was] mailed to [her]," [PADS 2, emphasis in original, footnote omitted] we disagree. The memo

did not affirmatively state that Plaintiff would receive class assignments; as Plaintiff acknowledged, she merely "assumed" that this was the case. [RP 1] The fact that Plaintiff may have drawn unwarranted inferences from the memo does not render its contents false.

In light of this deficiency, the dismissal of Plaintiff's complaint was appropriate. *See Lohman*, 2007-NMCA-100, ¶ 4 (observing that dismissal is appropriate where there has been a total failure to allege some essential matter). However, we note that the Tort Claims Act supplies an additional and independent basis for the district court's ruling. [RP 54]

"Generally, the Tort Claims Act provides governmental entities and public employees acting in their official capacities with immunity from tort suits unless the Act sets out a specific waiver of that immunity." *Weinstein v. City of Santa Fe ex rel. Santa Fe Police Dep't*, 121 N.M. 646, 649, 916 P.2d 1313, 1316 (1996). Insofar as Defendants' conduct, as alleged in the complaint, occurred in relation to activities undertaken in their official capacities as public employees, the Tort Claims Act would appear to apply.

Below, Plaintiff identified no specific waiver of immunity in support of her claim. Instead, she cited NMSA 1978, Section 41-4-4 (2001), which is the provision granting governmental immunity. [RP 30] *See Electro-Jet Tool & Mfg. Co. v. City of*

4

*Albuquerque*, 114 N.M. 676, 682, 845 P.2d 770, 776 (1992) ("Section 41-4-4 grants a governmental entity and any public employee acting within the scope of duty immunity from liability for any tort except as waived elsewhere in the Act."). Plaintiff has never taken the position that any of the ensuing provisions, which establish waivers in a variety of circumstances, should apply.

In her docketing statement, Plaintiff argued that Section 41-4-4(E) supplies a waiver of immunity for the fraudulent and malicious acts of public employees. [DS 2] However, this is an indemnity provision, which "permit[s] the state to recover defense and settlement costs from employees who have 'acted fraudulently or with actual intentional malice.'" *Celaya v. Hall*, 2004-NMSC-005, ¶ 25, 135 N.M. 115, 85 P.3d 239. It does not supply a waiver of immunity as against claims by third parties such as Plaintiff. To the contrary, as specified in Section 41-4-4(A), only Sections 41-4-5 through 41-4-12 of the Act supply waivers of immunity.

In her memorandum in opposition, Plaintiff now argues that the individual Defendants should not be able to claim immunity because their conduct was unlawful, such that it falls outside the scope of their employment. [PADS 3] Contrary to Plaintiff's suggestion, however, the fact that a public employee's conduct may have been improper does not automatically take it outside the course and scope of his or her employment. *See Seeds v. Lucero*, 2005-NMCA-067, ¶ 10, 137 N.M. 589, 113 P.3d

859 ("Our case law establishes that a public employee may be within the scope of authorized duty even if the employee's acts are fraudulent, intentionally malicious, or even criminal.") (emphasis omitted). As a result, Plaintiff's failure to demonstrate that a waiver of immunity should apply remains a fatal deficiency.

Finally, we turn to Plaintiff's motion to amend the docketing statement. Such a motion will only be granted upon a showing that the supplemental issue is viable. *See State v. Moore*, 109 N.M. 119, 128-29, 782 P.2d 91, 100-01 (Ct. App. 1989) (providing that issues sought to be presented must be viable). By her motion to amend, Plaintiff appears to seek to argue that the district court erred in effectively denying her motion to amend her complaint. For the reasons that follow, we conclude that this issue is not viable. We therefore deny the motion.

"A district court's denial of a motion to amend is reviewed under an abuse of discretion standard." *Alliance Health of Santa Teresa, Inc. v. Nat'l. Presto Indus., Inc.*, 2007-NMCA-157, ¶ 26, 143 N.M. 133, 173 P.3d 55. The denial of a motion to amend a complaint does not constitute an abuse of discretion where the amendment would have been futile. *Id.* (citing *Stinson v. Berry*, 1997-NMCA-076, ¶ 11, 123 N.M. 482, 943 P.2d 129).

We have reviewed Plaintiff's proposed amended complaint, [RP 30-34] and conclude that the amendment would not have remedied the deficiencies associated

with the original complaint. Although the amended complaint contains more factual detail, the supplemental material does no more to supply the essentials than the original complaint. No objectively false statement is alleged and no basis for a waiver of immunity is suggested. [RP 30-34] Because the amended complaint was no more capable of withstanding a motion to dismiss than the original complaint, the amendment would have been futile. We therefore conclude that the district court's implicit denial of the motion to amend was well within its discretion.

For the reasons stated above and in the notice of proposed summary disposition, we affirm.

**IT IS SO ORDERED.**

---

**MICHAEL D. BUSTAMANTE, Judge**

**WE CONCUR:**

---

**JONATHAN B. SUTIN, Judge**

---

**LINDA M. VANZI, Judge**