This memorandum opinion was not selected for publication in the New Mexico Appellate Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

# IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**CINDY WEST,**

Plaintiff-Appellant,

v. **NO. 32,467**

**JOHN MAZZOLA,**

Defendant-Appellee,
and

**SAFECO INSURANCE COMPANY OF AMERICA,**

Defendant.

**APPEAL FROM THE DISTRICT COURT OF BERNALILLO COUNTY**
**Carl J. Butkus, District Judge**

Garcia Law Office
Narciso Garcia, Jr.
Albuquerque, NM

for Appellant

Modrall, Sperling, Roehl, Harris & Sisk, P.A.
H. Jesse Jacobus, III
Barry J. Berenberg
Albuquerque, NM

for Appellee

**MEMORANDUM OPINION**

**VANZI, Judge.**

{1} Plaintiff, Cindy West, appeals from the district court's grant of summary judgment in favor of Defendant, John Mazzola, and denial of Plaintiff's motion for reconsideration. [RP 304, 333] On January 17, 2013, we issued a notice proposing to summarily affirm. Defendant filed a memorandum in support, and Plaintiff filed a memorandum in opposition. We remain unpersuaded by Plaintiff's arguments and affirm.

**BACKGROUND**

{2} Plaintiff filed a complaint on October 15, 2009, seeking to recover damages for injuries she sustained when the vehicle she was driving was struck by Defendant's vehicle. [RP 1, 2] At the time of the accident, Plaintiff was an employee of Albuquerque Public Schools (APS) and was driving to a work-related event in an APS vehicle. [DS 2] Though she did not know it at the time of the accident, Defendant was also an APS employee and was, according to his deposition testimony, involved in a work-related activity before the accident and on his way to a work-related activity at the time of the accident. [DS 6] Defendant filed an answer on November 20, 2009.

[RP 11] He did not argue as an affirmative defense that Plaintiff was limited to remedies available under the New Mexico Workers' Compensation Act (WCA), NMSA 1978, Sections 52-1-1 to -70 (1929, as amended through 2012). [RP 83]

{3} On August 13, 2010, Defendant filed a motion for summary judgment arguing that Plaintiff was limited to remedies available under the WCA. [RP 101, 103] Defendant filed a supplemental motion for summary judgment on December 8, 2010. [RP 250] On March 8, 2012, the district court issued a letter decision granting Defendant's motion for summary judgment. [RP 294-296] The district court entered a written order on March 26, 2012. [RP 304] Plaintiff filed a motion for reconsideration, which the district court denied. [RP 306, 333]

**DISCUSSION**

{4} In her memorandum in opposition to proposed summary affirmance, Plaintiff continues to contend that the district court erred in granting Defendant's motion for summary judgment because: (1) Defendant waived the affirmative defense that the WCA provides Plaintiff's exclusive remedy by failing to raise it in his answer; (2) even if Defendant did not waive the exclusivity defense, there were material issues of fact; and (3) the doctrine of transferred intent applies in civil cases. [MIO 1, 14] We address each argument in turn under a de novo standard of review. *See Summers v. Ardent Health Servs., L.L.C.*, 2011-NMSC-017, ¶ 10, 150 N.M. 123, 257 P.3d 943.

## A. Waiver

{5} In our notice, we proposed to reject Plaintiff's waiver argument because it did not appear that Defendant intentionally relinquished or abandoned his right to assert WCA exclusivity. *See J.R. Hale Contracting Co., Inc. v. United N.M. Bank at Albuquerque*, 110 N.M. 712, 716, 799 P.2d 581, 585 (1990) ("Generally, New Mexico cases have defined waiver as the intentional relinquishment or abandonment of a known right."). We proposed to affirm the district court's conclusion that Defendant raised the exclusivity defense in a sufficiently timely fashion upon learning of it and noted the district court allowed amendment of Defendant's answer by interlineation. [RP 295]

{6} In her memorandum in opposition, Plaintiff argues that, despite the district court's statement in its letter decision that it would allow amendment by interlineation, Defendant waived the defense because he never actually amended his answer and the letter decision itself is not a final order. [MIO 3] We agree with Plaintiff that the district court's letter decision was not a final order. *See, e.g.*, *Moffat v. Branch*, 2002-NMCA-067, ¶ 23, 132 N.M. 412, 49 P.3d 673 ("There is no question that the district court's letter decision did not constitute a final order. It does not include decretal language and specifically instructs counsel to prepare a final order."). However, we disagree with Plaintiff regarding the impact of the letter decision on Defendant's exclusivity defense.

4

{7} In its letter decision, the district court stated:

> Plaintiff West contends that the failure to raise exclusivity as an affirmative defense constitutes a waiver. Nevertheless, [D]efendants raised exclusivity upon learning of the situation and raised it soon enough. The Court will allow amendment to posit exclusivity as an affirmative defense. Amendment will simply be by interlineation. Thus, the issue of exclusivity is on the table and has been the subject of argument.

[RP 295] It is clear from this language that the district court believed the issue of exclusivity was "on the table" and thus proceeded to address the merits of Defendant's argument, ultimately concluding summary judgment was warranted. The district court entered a formal order following its letter decision, which specifically stated it was granting Defendant's motion for summary judgment "[f]or the reasons stated in [the letter decision.]" [RP 304] On these facts, we do not believe Defendant was actually required to file an amended answer in order to assert exclusivity as an affirmative defense. *Cf. Schmitz v. Smentowski*, 109 N.M. 386, 391-92, 785 P.2d 726, 731-32 (1990) (allowing amendment of a pleading at trial to conform to the evidence).

{8} Plaintiff also contends the district court erred in rejecting her waiver argument because "courts should not permit litigants to engage and [sic] fast and loose conduct changing their positions to fit the circumstances." [MIO 4] Plaintiff points out that, in Defendant's answer to an interrogatory, he stated he did not know where he was coming from and going to at the time of the accident; however, he testified at his

deposition that he was in the course and scope of employment for APS at the time of the accident and was traveling from one job site to another. [MIO 4]

{9} We disagree with Plaintiff that Defendant waived the exclusivity defense because he provided allegedly inconsistent answers during discovery. "[T]he purpose of discovery is to provide the means for determining the precise issues and obtaining the information that each party needs to prepare for trial." *Reed v. Furr's Supermarkets, Inc.*, 2000-NMCA-091, ¶ 29, 129 N.M. 639, 11 P.3d 603 (internal quotation marks and citation omitted). Plaintiff does not cite any authority that suggests it is error for a district court to allow a party to amend a pleading where that party provides inconsistent answers during discovery. Where a party cites no authority to support an argument, we may assume no such authority exists. *In re Adoption of Doe*, 100 N.M. 764, 765, 676 P.2d 1329, 1330 (1984).

{10} Accordingly, we conclude the district court did not err in allowing Defendant to assert WCA exclusivity as an affirmative defense and further conclude that Defendant was not required to actually file an amended answer in order to assert the defense.

**B.     Material Issues of Fact**

{11} In our notice, we stated that Plaintiff appeared to take issue with the district court's determination that Defendant was acting in the course and scope of his

6

employment at the time of the accident. [DS 21-25] We proposed to conclude that the district court correctly resolved this issue as a matter of law. *See Cain v. Champion Window Co. of Albuquerque, LLC*, 2007-NMCA-085, ¶ 9, 142 N.M. 209, 164 P.3d 90 ("[W]hen no reasonable trier of fact could conclude that an employee is acting in the course and scope of employment, summary judgment is properly granted." (internal quotation marks and citation omitted)).

{12} In her memorandum in opposition, Plaintiff contends the following material issues of fact precluded entry of summary judgment in favor of Defendant: (1) whether Defendant was engaged in actions to further his employer's interests when he engaged in road rage; (2) whether Defendant's state of mind and actions at the time of the accident constituted a personal dispute; (3) whether Defendant was traveling at an excessive rate of speed at the time of the accident; (4) whether Defendant was angry at the time of the accident; and (5) whether Defendant's actions were intentional. [MIO 5, 10, 11, 12, 13] In his memorandum in support of proposed summary affirmance, Defendant acknowledges that, while some facts were disputed in the district court, they were not material to the issue of whether Defendant was acting in the scope and course of his employment at the time of the accident. [MIS 3]

{13} We agree with Defendant. Viewing the facts in the light most favorable to Plaintiff, we think it is clear that Defendant may have been driving negligently at the

7

time of the accident but was acting within the course and scope of his employment. [RP 336] There is no dispute that Defendant was traveling between work sites at the time of the accident and did not intentionally collide with Plaintiff's vehicle. [MIS 4] The fact that Defendant's anger and other personal motives allegedly caused him to drive carelessly does not convert a negligent collision into an intentional one.

## C.    Transferred Intent

{14}    In our notice, we proposed to conclude that, because Defendant did not intend to cause an accident, his intent towards a third party (specifically, the other driver involved in the so-called "road rage" incident) cannot be transferred to Plaintiff. In her memorandum in opposition, Plaintiff emphasizes that Defendant intentionally changed lanes, honked his horn, went around the other driver, and looked sideways when passing the other driver. [MIO 14] While we agree with Plaintiff that these acts may have been intentional, there is no evidence that Defendant intentionally caused an accident. Thus, we continue to believe that even if the doctrine of transferred intent applies in some civil cases, it is not applicable here.

## CONCLUSION

{15}    For the reasons stated above and in our previous notice, we affirm the district court's grant of summary judgment in favor of Defendant.

{16}    **IT IS SO ORDERED.**

_____

8

**LINDA M. VANZI, Judge**

**WE CONCUR:**

_____
**RODERICK T. KENNEDY, Chief Judge**

_____
**TIMOTHY L. GARCIA, Judge**