This memorandum opinion was not selected for publication in the New Mexico Appellate Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

# IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**MARY HILLEY, CHRISTIAN CHO,**
**and GARY ROULEAU,**

Plaintiffs-Appellants,

v.                                                    **No. A-1-CA-36168**

**MICHAEL CADIGAN and CADIGAN**
**LAW FIRM, PC, a New Mexico corporation,**

Defendants-Appellees.

**APPEAL FROM THE DISTRICT COURT OF BERNALILLO COUNTY**
**James L. Sanchez, District Judge**

Mary Hilley
Christian Cho
Albuquerque, NM
Gary Rouleau
Santa Fe, NM

Pro Se Appellants

Sheehan & Sheehan, P.A.
Briggs F. Cheney
Albuquerque, NM

for Appellees

**MEMORANDUM OPINION**

**VIGIL, Judge.**

{1} Plaintiffs Mary Hilley, Christian Cho, and Gary Rouleau appeal the district court's grant of summary judgment to Defendants Michael Cadigan and Cadigan Law Firm, P.C., resulting in the dismissal of Plaintiffs' case. We issued a notice of proposed disposition proposing to affirm, and Plaintiffs have responded with a memorandum in opposition as well as a motion to supplement the record proper. We have carefully considered Plaintiffs' submissions but continue to believe that affirmance is warranted in this case. Therefore, for the reasons set out below and in our notice of proposed summary disposition, we deny the motion to supplement and affirm.

{2} **Motion to Supplement:** Plaintiffs' motion to amend points out a number of claimed omissions, substitutions, and other differences between the record proper submitted to this Court and Plaintiffs' versions of the same documents. As Defendants' response points out, Plaintiffs do not explain how any of these matters are relevant to the analysis set out in the notice of proposed summary disposition. This Court is not in a position to spend the time to review Plaintiffs' attachments and attempt to determine whether the record proper should be amended, when such amendment will have no impact on the appeal. We therefore deny the motion to supplement as unnecessary. We note that Plaintiffs' motion and attachments will

2

remain part of the record on appeal despite this denial, and thus Plaintiffs' ability to obtain further review of the issue will not be jeopardized.

**{3}** **Merits of the Appeal:** In response to our notice, Plaintiffs raise a number of arguments that we address in turn. Plaintiffs first contend that we should not address the main deficiency in their case, the lack of an expert, because we must first determine whether Defendants established a prima facie entitlement to summary judgment. [MIO 2] Plaintiffs maintain that Defendants did not do so because their evidentiary showing was based on a fraudulent affidavit submitted by Defendant Michael Cadigan (Cadigan) as well as an expert's affidavit that was based on Cadigan's affidavit. [Id.] However, Defendants' motion for summary judgment, as well as our proposed affirmance of that summary judgment, were predicated on Plaintiffs' lack of an expert who could testify that Plaintiffs suffered harm as a result of Defendants' actions. Where an expert is necessary to establish one of the elements of a plaintiff's claim, a prima facie showing of entitlement to summary judgment need not include affidavits or any other type of evidence from the defendants. *Blauwkamp v.Univ. of N. M. Hosp.*, 1992-NMCA-048, ¶¶ 15-16, 114 N.M. 228, 836 P.2d 1249. Instead, the proponent of summary judgment need only point out the lack of an expert witness. *Id.* In other words, Defendants in this case were not required to present any affidavit at all, so whether Cadigan's affidavit may have been fraudulent, or

Defendants' expert's affidavit may have been deficient as a result (issues as to which we express no opinion), did not preclude Defendants from making a prima facie showing of entitlement to summary judgment. For that reason, we reject Plaintiffs' argument on this point.

{4} Plaintiffs next argue that we must address the question of whether Cadigan's actions fell below the standard of care for an attorney representing a client. Plaintiffs maintain it is "imperative to bolster the body of case law" for the benefit of future cases. [MIO 3] We disagree. It is not this Court's practice to address issues that are not necessary for the disposition of an appeal, as to do so would be tantamount to providing an advisory opinion, which this Court will not do. *Sena Sch. Bus Co. v. Bd. of Educ. of Santa Fe Pub. Schs.*, 1984-NMCA-014, ¶ 16, 101 N.M. 26, 677 P.2d 639. We therefore do not address the question raised by Plaintiffs.

{5} Plaintiffs disagree with the assertion in our notice that expert testimony is needed to value a case for settlement purposes. They claim it is a matter of simple arithmetic—the jury in the malpractice case merely decides the damages Plaintiffs suffered as a result of the original defendants' conduct, and subtracts the amount obtained pursuant to the settlement. [MIO 3-4] In other words, Plaintiffs believe that in this malpractice case, they should be allowed to try the case that would have been presented to the jury had the underlying case not settled, and use the jury's award in

4

this subsequent proceeding as a firm basis for calculating what, if anything, was lost by settling. However, the matter is not as Plaintiffs represent, mainly because the underlying case was not in fact tried but was resolved by settlement. The decision to settle, or to recommend settlement, is a complicated one that does not simply involve evaluation of the potential damages suffered by the plaintiffs. The attorney must factor in the risks of litigation, the costs of litigation, the strengths and weaknesses of each side's legal and factual positions, and the knowledge that even if a favorable verdict is obtained at trial payment of the judgment may be delayed for several years while the defendants pursue an appeal. In order to subsequently attack this determination in a malpractice action, the client must present expert testimony concerning the reasonable settlement value of the underlying case. *See Sanders v. Smith*, 1972-NMCA-016, ¶ 16, 83 N.M. 706, 496 P.2d 1102 ("A lay witness does not have the experience, knowledge and wisdom to opinionate on the complexities of trial practice . . ."); *accord, Elizondo v. Krist*, 415 S.W.3d 259, 270 (Tex. 2013) (noting that expert testimony is needed to establish the reasonable settlement value of a case); *Fishman v. Brooks*, 487 N.E.2d 1377, 1380-81 (Mass. 1986) (same).

**{6}** Plaintiffs assert that it is clear that Plaintiff Cho has been damaged, because he has not yet received the $30,000 he was entitled to receive from the settlement. [MIO 7] It is not apparent that this argument was made below and therefore preserved for

appeal. *See* Rule 12-321(A) NMRA (requiring a party to fairly invoke a ruling from the district court in order to preserve an issue for appeal). Assuming that it was, however, we find it undeveloped factually and legally, and will not address it. *See Elane Photography, LLC v. Willock*, 2013-NMSC-040, ¶ 70, 309 P.3d 53 (noting that an appellate court will not review unclear arguments, or guess at what a party's arguments might be).

{7}     Plaintiffs maintain that treating malpractice cases differently than other cases, with respect to the requirement for expert testimony, is unconstitutional. [MIO 7] In our notice of proposed summary disposition we pointed out that Plaintiffs did not cite a single case from anywhere in the country in support of this proposition. Plaintiffs have still not done so, and we will not search for authority to support it. *See Curry v. Great Nw. Ins. Co.*, 2014-NMCA-031, ¶ 28, 320 P.3d 482. Furthermore, we disagree with the argument on its merits. Expert testimony is required where the issues to be resolved are beyond the knowledge of a layperson, and this includes medical-malpractice cases, toxic-tort cases, legal-malpractice cases, and many others. These types of cases, to put it in constitutional-law terms, are not similarly-situated as other cases, and it is therefore not unconstitutional to treat them differently. *Cf. Griego v. Oliver*, 2014-NMSC-003, ¶ 27, 316 P.3d 865 (explaining that in equal-protection

analysis, the first question to ask is whether the persons treated differently are similarly situated).

{8}    The next issue discussed by Plaintiffs concerns Defendants' expert, Mr. Ely. Plaintiffs contend he had a conflict of interest because one Plaintiff had a consultation with him before he appeared as an expert witness for Defendants. [MIO 11] Plaintiffs admit that they did not raise this argument below, but instead moved to strike Mr. Ely's affidavit on a different basis, and we therefore need not address the argument. *See* Rule 12-321(A). Plaintiffs ask us, however, to address the issue in order to declare whether it is a conflict of interest for an expert to consult with one party but then appear as an expert for the other side. Again, this is a request for an advisory opinion, which this Court does not provide. *Sena Sch. Bus Co.*, 1984-NMCA-014, ¶ 16.

{9}    Plaintiffs challenge the notice's proposed affirmance on the issue of sanctions that, according to Plaintiffs, should have been levied on Cadigan and defense counsel, on the basis of their contention that Cadigan and counsel submitted an affidavit containing falsehoods. Our notice was based on the complete lack of any specifics in the docketing statement concerning the motion for sanctions. In response, the memorandum in opposition provides no additional specifics. [MIO 12] Instead, Plaintiffs assert generally that the affidavit contains falsehoods, without stating what those falsehoods were. Plaintiffs then invite this Court to examine their motion for

sanctions, a total of approximately 95 pages, for "more information and the complete basis for sanctions against Mr. Cadigan and his counsel." [Id.] We decline to do so; it was incumbent on Plaintiffs to develop this argument clearly and specifically, rather than with general assertions. As we pointed out in the notice and above, we will not guess at a party's argument or develop an argument on behalf of a party. *Elane Photography*, 2013-NMSC-040, ¶ 70. We also reject Plaintiffs' suggestion that it is our responsibility to review the entire record because our review is de novo. [MIO 12-13] The de novo standard of review in a summary-judgment case does not absolve a party from the duty to specifically point this Court to the error that has occurred and the location in the record where the error can be found. This is especially true where, as here, Plaintiffs have inundated the record with voluminous filings that make it difficult to discern what their arguments might be and whether they have any merit.

{10} Plaintiffs next contend, as far as we can determine, that the notice of proposed summary disposition suggests that fraud and malpractice are one and the same, and that they may not recover for both in a case involving malpractice. [MIO 13] We do not agree with this characterization of the notice. However, we point out that all of the assertions of misrepresentation or fraud maintain that the result of these acts was that Plaintiffs entered into a settlement that was unreasonably low in amount. Therefore, the same requirement for expert testimony that applies to their malpractice claim

applies also to their fraud claims. Without such an expert Plaintiffs cannot show they were damaged by the alleged fraud, and cannot recover on the fraud allegations. *See, e.g.*, *Cain v. Champion Window Co. of Albuquerque, LLC*, 2007-NMCA-085, ¶ 22, 142 N.M. 209, 164 P.3d 90 (noting that to recover in fraud, plaintiffs must show they suffered damages proximately caused by the fraudulent misrepresentations).

{11}     Plaintiffs' next argument is a contention that our notice stated that mishandling trust accounts is not a breach of an attorney's duty to his client. [MIO 14] The notice did not do so; instead it stated that the conversion allegation is an allegation of a different type of wrongdoing than the other allegations of malpractice discussed previously, all of which concerned the settlement entered into by Plaintiffs. It is clear that mishandling trust accounts is a plain breach of the duty owed by an attorney to a client. However, we proposed to affirm on this issue in the notice for two reasons: first, because Plaintiffs did not include information about this claim in their complaint; and second, because Plaintiffs did not provide us with any specifics about how they contend the trust fund was misused or what amounts of money they assert might have been converted by Cadigan. Plaintiffs have not responded to either of these grounds for affirmance. We therefore affirm for the reasons stated in the notice of proposed summary disposition. *See Hennessy v. Duryea*, 1998-NMCA-036, ¶ 24, 124 N.M. 754,

9

955 P.2d 683 (noting that a party responding to a summary-calendar notice must clearly point out error in fact or law in the notice).

{12} Plaintiffs complain generally that they were not treated in the same manner as parties represented by counsel; they contend the district court continually brushed off their arguments, did not provide justification for several of its rulings, and did not give Plaintiffs hearings regarding several of the issues now being appealed. [MIO 15] Plaintiffs ask this Court to issue an opinion clarifying the manner in which pro se litigants should be treated in New Mexico courts. It is not possible for us to address the generalized complaints levied by Plaintiffs against the district court; instead, Plaintiffs were required to direct our attention to specific acts by that court that violated rules of civil procedure, or principles of due process, or perhaps a statutory directive. Otherwise we will be engaged in a process of attempting to guess at what viable legal or factual issues Plaintiffs might be raising, which we will not do. *See Elane Photography*, 2013-NMSC-040, ¶ 70. Furthermore, we see no need to issue an advisory opinion stating the obvious---that pro se litigants are entitled to due process and to be treated in the same manner as litigants represented by counsel.

{13} Plaintiffs express concern that our notice did not address the allegedly fraudulent nature of Cadigan's affidavit, and spend fifteen or more pages expanding on that subject in various ways. [MIO 16-31] We did not do so because it was

unnecessary; by failing to supply expert testimony in support of their malpractice claims, Plaintiffs failed to satisfy a crucial element of such claims, as we discussed above. Given that circumstance, examination of the false-affidavit issue was not warranted as it could not affect the result in this case. The bottom line is that Plaintiffs failed to meet their burden of showing they were damaged by the $742,000 settlement they received in that case, and summary judgment was therefore appropriate.

**{14}** Based on the foregoing as well as the discussion in our notice of proposed summary disposition, we affirm the district court's decision in this case.

**{15}** **IT IS SO ORDERED.**


_____
**MICHAEL E. VIGIL, Judge**


**WE CONCUR:**


_____
**HENRY M. BOHNHOFF, Judge**


_____
**EMIL J. KIEHNE, Judge**