This decision of the New Mexico Court of Appeals was not selected for publication in the New Mexico Appellate Reports. Refer to Rule 12-405 NMRA for restrictions on the citation of unpublished decisions. Electronic decisions may contain computer-generated errors or other deviations from the official version filed by the Court of Appeals.

## IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**RUBIANE VALDEZ-BARELA,
as PERSONAL REPRESENTATIVE of
the ESTATE OF JOSEPH BARELA,**

      Plaintiff-Appellant,

v.                             **No. A-1-CA-37384**

**CORRECTIONS CORPORATION OF
AMERICA and CORIZON HEALTH,
INC.,**

      Defendants-Appellees.

**APPEAL FROM THE DISTRICT COURT OF BERNALILLO COUNTY
Beatrice J. Brickhouse, District Judge**

Law Office of Augustine M. Rodriguez, L.L.C.
Augustine M. Rodriguez
Albuquerque, NM

for Appellant

Struck Love Bojanowski & Acedo, PLC
Daniel P. Struck
Jacob B. Lee
Chandler, AZ

Kennedy, Moulton & Wells, P.C.
Deborah D. Wells
Debra J. Moulton
Albuquerque, NM

for Appellees

### MEMORANDUM OPINION

**HANISEE, Judge.**

**{1}** Plaintiff Rubianne Valdez-Barela, as personal representative for the Estate of Joseph Barela, appeals from the district court's order granting summary judgment in favor of Defendants. We issued a notice of proposed summary disposition proposing to affirm, and Plaintiff has responded with a timely memorandum in opposition, which we have duly considered. We remain unpersuaded that our initial proposed disposition was incorrect, and we therefore affirm the district court.

**{2}** In her memorandum in opposition, Plaintiff continues to argue that the district court erred in granting summary judgment. We review the district court's order granting summary judgment de novo. *Cain v. Champion Window Co. of Albuquerque, LLC*, 2007-NMCA-085, ¶ 6, 142 N.M. 209, 164 P.3d 90. Summary judgment is appropriate where "there is no genuine issue as to any material fact and . . . the moving party is entitled to a judgment as a matter of law." Rule 1-056(C) NMRA. "On appeal from the grant of summary judgment, we ordinarily review the whole record in the light most favorable to the party opposing summary judgment to determine if there is any evidence that places a genuine issue of material fact in dispute." *City of Albuquerque v. BPLW Architects & Eng'rs, Inc.*, 2009-NMCA-081, ¶ 7, 146 N.M. 717, 213 P.3d 1146. "However, if no material issues of fact are in dispute and an appeal presents only a question of law, we apply de novo review and are not required to view the appeal in the light most favorable to the party opposing summary judgment." *Id.*

**{3}** To briefly reiterate the relevant background, Mr. Barela, a pretrial detainee, was booked into the Torrance County Detention Center (TCDC) on September 9, 2013. [DS 2-3; RP 453] On November 26, 2013, Mr. Barela was placed in segregation for refusing to submit to a urinalysis screening. [RP 3; RP 453] On the morning of December 2, 2013, Mr. Barela was found hanging from a bed sheet in his cell. [RP 3; RP 454] An autopsy determined that the cause of death was hanging, that Mr. Barela had a quantity of heroin concealed in his body, and that he had a number of drugs in his system at the time of his death. [RP 4, 455]

**{4}** Plaintiff filed a complaint for wrongful death alleging that Defendants were negligent in failing to provide proper medical and psychiatric care and in failing to prevent drugs from entering the TCDC. [RP 1-12] Specifically, Plaintiff alleged that Defendants breached their duty "to comply with standards, policies and procedures regarding the treatment and care of a person with Mr. Barela's observed irrational behavior and failure to screen for suicidal ideation and need for acute psychiatric care and suicide prevention treatment and for failure to detect and intercept drugs going into the prison facility and in the possession of inmates." [RP 4] Plaintiff further alleged that Mr. Barela's death was a direct and proximate result of Defendants' negligence. [RP 2-4, 11]

**{5}** Defendants filed a motion for summary judgment in which they argued that Plaintiff could not establish the essential elements of duty and breach on her negligence claims because she did not have expert witnesses to establish that Defendants failed to meet the required standard of care in failing to diagnose Mr. Barela as suicidal and take proper precautions or that they failed to meet the standard of care for preventing drug

possession and use by inmates. [RP 458-459] Defendants also argued that Plaintiff did not have an expert witness to establish that Mr. Barela's death was in any way caused by the drugs found in his system. [RP 459]

**{6}** Before Plaintiff filed her response to the motion for summary judgment, the district court entered an order ruling that Plaintiff would not be allowed to present expert witnesses as a sanction for Plaintiff's failure to timely and adequately disclose any experts. [RP 540] *See Allred v. N.M. Dep't of Transp.*, 2017-NMCA-019, ¶ 47, 388 P.3d 998 (recognizing that the failure to make the required disclosures on expert witnesses is sufficient grounds to exclude expert witness testimony). Plaintiff then filed her response to the motion for summary judgment in which she argued that issues of material fact existed, but did not respond to Defendants' argument that she was required to present expert witness testimony to prevail on her claims. [RP 625-644] On March 14, 2018, after Defendants filed their reply, the district court entered its order granting summary judgment in favor of Defendants. [RP 873] This appeal follows.

**{7}** In our notice of proposed summary disposition, we proposed to hold that the applicable standard of care for screening and monitoring inmates for mental health issues as well as the standard of care relating to policies and procedures to prevent drug use by inmates is not within the knowledge of the lay juror and therefore must be established by the testimony of a qualified expert witness. Additionally, we proposed to hold that whether drugs in any way contributed to causing Mr. Barela's death was also a subject requiring expert witness testimony. We therefore proposed to conclude that, as the district court had stricken Plaintiff's experts, Plaintiff could not establish her claims, and summary judgment was properly granted. *See Firstenberg v. Monribot*, 2015-NMCA-062, ¶ 30, 350 P.3d 1205 (concluding that the district court properly granted summary judgment where the plaintiff's proposed expert witnesses were excluded by the district court and the plaintiff therefore could not the prove the necessary element of causation); *Buke, LLC v. Cross Country Auto Sales, LLC*, 2014-NMCA-078, ¶ 58, 331 P.3d 942 (affirming the district court's grant of summary judgment on an accountant malpractice claim because expert testimony was required to establish the applicable standards of conduct and the plaintiff presented none).

**{8}** In her memorandum in opposition, Plaintiff first argues that expert testimony was not required to establish Defendants' negligence in placing Mr. Barela in segregation. Plaintiff argues that, due to the known risks associated with placing an inmate in segregation, Defendants imposed a duty on themselves to complete a physical and mental health evaluation prior to placement of inmates in segregation. In this case, Plaintiff alleged that Defendants failed to complete and memorialize the mental health evaluation before it placed Mr. Barela in segregation, as evidenced by an uncompleted pre-segregation evaluation form. Plaintiff argues that Defendants' failure to comply with its own policies regarding pre-segregation mental health screening constitutes negligence per se, and a jury did not need expert testimony to determine whether Defendants completed the pre-segregation evaluation or whether the failure to complete the pre-segregation evaluation was a proximate cause or cause in fact of Mr. Barela's suicide. [MIO 4]

**{9}** We disagree. To the extent that Plaintiff's claim on this issue is premised on Defendants' failure to follow its policy regarding segregation of inmates, we note that Plaintiff has cited to no authority to suggest that the doctrine of negligence per se is applicable to an entity's failure to comply with internal rules or policies. *See Cobb v. Gammon*, 2017-NMCA-022, ¶ 43, 389 P.3d 1058 ("Negligence per se exists only where a statutory or regulatory provision imposes an absolute duty to comply with a specific requirement."); *Thompson v. Potter*, 2012-NMCA-014, ¶ 32, 268 P.3d 57 (setting out the elements of negligence per se); *see also McNeill v. Rice Eng'g & Operating, Inc.*, 2010-NMSC-015, ¶ 11, 148 N.M. 16, 229 P.3d 489 (stating that where parties fail to cite authority for their legal propositions, appellate courts "will presume that no such authority exists").

**{10}** Further, we disagree that the standard of care in this case and whether Defendants' conduct breached that standard could be established solely by reference to the pre-segregation evaluation. Defendants attached documents to their motion for summary judgment indicating that, after Mr. Barela was placed in segregation on November 26, medical personnel examined Mr. Barela on both November 29, and December 1. [RP 469, 471] Whether Defendants' conduct was negligent would have to be considered in the context of all the events and circumstances related to Mr. Barela's confinement to segregation including any other evaluations or medical treatment that occurred, not just the pre-segregation evaluation. *See Grassie v. Roswell Hosp. Corp.*, 2011-NMCA-024, ¶ 77, 150 N.M. 283, 258 P.3d 1075 (rejecting the plaintiff's argument that an agreement between the defendant hospital and a third-party to provide medical services set the standard of care on a hospital's negligence in allowing a doctor to work in the emergency room such that the hospital's failure to follow the terms of the agreement was the only evidence necessary to show negligence and holding that the question whether the failure to follow the agreement was negligent must be viewed in the context of the entire screening process actually undertaken).

**{11}** Fundamentally, Plaintiff's claim involved the standard of care for monitoring inmates in segregation in a correctional facility for risk of suicide and the need for psychiatric care, and the adequacy of suicide prevention measures, and whether Defendants' conduct, in its entirety, comported with that standard of care. We remain unpersuaded that such issues are within the knowledge or experience of an average lay juror. We therefore remain of the opinion that expert witness testimony was required to establish the standard of care in these circumstances and whether Defendants' conduct breached that standard. *See e.g., Villalobos v. Doña Ana Bd. of Cty. Comm'rs*, 2014-NMCA-044, ¶¶ 1, 5-15, 322 P.3d 439 (determining in a case involving the assault of an inmate in an architectural blind spot in the facility that the standard of care for the monitoring of inmates, jail design, video surveillance, or any other factors that underlie such a standard must be established by expert testimony).

**{12}** Plaintiff next argues that expert witness testimony is irrelevant to the adequacy of policies and procedures employed to prevent drug use in a correctional facility where corrections officers bring drugs into the facility and provide them to the inmates. [MIO 5-6] However, even assuming Plaintiff was not required to present expert witness

testimony to show Defendants' policies with respect to drug prevention were not in conformity with the standard of care under these circumstances, the question whether drug use was a contributing factor to Mr. Barela's suicide, and to what extent, is a subject requiring expert witness testimony, as it would not be within the knowledge of a lay juror to determine medical causation. *See Cano v. Smith's Food King*, 1989-NMCA-080, ¶ 5 , 109 N.M. 50, 781 P.2d 322 (holding that medical causation ordinarily must be supported by expert medical testimony).

{13}    Finally, Plaintiff argues that expert witnesses from the Office of the Medical Investigator (OMI) are available to testify as to the cause of death, specifically, Dr. Ross Zumwalt, Deputy Field Investigator Wayne Granger, and Robert A. Middleberg. [MIO 6-7] Plaintiff argues that these experts were retained by the OMI specifically to investigate causes of death and could testify on remand. [MIO 6] However, as explained in the notice of proposed summary disposition, the district court entered an order prohibiting Plaintiff from calling expert witnesses at trial as a sanction, and Plaintiff has not challenged this ruling on appeal. Accordingly, we must reject this argument. *See Blauwkamp v. University of N.M. Hosp.*, 1992-NMCA-048, ¶¶ 15-17, 114 N.M. 228, 836 P.2d 1249 (recognizing that the defendants in a medical malpractice action could establish a prima facie case for summary judgment merely by pointing out that the plaintiff lacked an expert witness and were not required to present an affidavit of their own expert).

**CONCLUSION**

{14}    For these reasons, we affirm the district court's order granting summary judgment in favor of Defendants.

**{15}    IT IS SO ORDERED.**

**J. MILES HANISEE Judge**

**WE CONCUR:**

**M. MONICA ZAMORA, Chief Judge**

**ZACHARY A. IVES, Judge**