This decision of the New Mexico Court of Appeals was not selected for publication in the New Mexico Appellate Reports. Refer to Rule 12-405 NMRA for restrictions on the citation of unpublished decisions. Electronic decisions may contain computer-generated errors or other deviations from the official version filed by the Court of Appeals.

**IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO**

**No. A-1-CA-41220**

**D. MCCALL and CCC&S FAMILY, LLC,**

Plaintiffs-Appellants,

v.

**THE MONEY SOURCE, INC.,**

Defendant-Appellee,

and

**AUCTION.COM and FIDELITY NATIONAL INSURANCE COMPANY,**

Defendants.

**APPEAL FROM THE DISTRICT COURT OF BERNALILLO COUNTY**
**Lisa Chavez Ortega, District Court Judge**

Western Agriculture, Resource and
Business Advocates, LLP
Jared R. Vander Dussen
A. Blair Dunn
Albuquerque, NM

for Appellants

Vance, Chavez & Associates, LLC
James A. Chavez
Albuquerque, NM

for Appellee

**MEMORANDUM OPINION**

**YOHALEM, Judge.**

**{1}** Plaintiffs appeal the district court's order denying their motion to reconsider the ruling on costs and attorney fees and the district court's order denying their motion to reconsider summary judgment. We issued a notice proposing to summarily affirm. Plaintiffs have filed a memorandum in opposition to our notice. After due consideration of the materials before us, we affirm.

**{2}** Our notice proposing affirmance informed Plaintiffs that their docketing statement inadequately described the claimed error on appeal and failed to provide a summary of the evidence and arguments presented in favor of summary judgment and opposing summary judgment. [CN 1-3] *See State v. Talley*, 1985-NMCA-058, ¶ 23, 103 N.M. 33, 702 P.2d 353 (explaining that a docketing statement is intended to serve as a fair substitute for the complete record on the summary calendar). The notice further explained that if Plaintiffs wished to achieve a different result in this Court, in any response they may file, Plaintiffs must explain what Defendant presented to establish that it owned the property and possessed the legal authority to sell the property at the time it entered into the purchase and sale agreement with Plaintiffs, and Plaintiffs must explain how they presented a material factual dispute in response to Defendant's showing. [CN 3-4]

**{3}** In response to our notice, Plaintiffs merely recount their claims in numerous conclusory statements, mostly without citation to the record [MIO 4-6], and those citations provided include large portions of the record that do not relate to Plaintiffs' claims [MIO 4]. Plaintiffs also fail to describe the evidentiary support that was presented in district court to support their claims and provide no targeted citations to the record. *See Muse v. Muse*, 2009-NMCA-003, ¶ 72, 145 N.M. 451, 200 P.3d 104 ("We will not search the record for facts, arguments, and rulings in order to support generalized arguments."); *In re Estate of Heeter*, 1992-NMCA-032, ¶ 15, 113 N.M. 691, 831 P.2d 990 ("This [C]ourt will not search the record to find evidence to support an appellant's claims."). Also, contrary to the instructions in our notice, Plaintiffs' response does not provide an explanation of the grounds on which Defendant sought summary judgment, the evidence presented to support Defendant's claims, the grounds on which the district court ruled, or how Plaintiffs' evidence and argument in district court responded to Defendant's showing in order to defeat summary judgment. [CN 2-4] As we warned in our notice, these omissions, alone, constitute grounds for affirmance, and do not affirmatively demonstrate error. *See State v. Chamberlain*, 1989-NMCA-082, ¶ 11, 109 N.M. 173, 783 P.2d 483; *Farmers, Inc. v. Dal Mach. & Fabricating, Inc.*, 1990-NMSC-100, ¶ 8, 111 N.M. 6, 800 P.2d 1063.

**{4}** Although we are not required to address the merits of Plaintiffs' claims under these circumstances, our independent review of the record also supports affirmance. The record indicates that Defendant made a prima facie showing that it was selling the subject property and that it owned and possessed the legal authority to sell the subject

property at all material times. [1 RP 190-93, 207-11, 213-14, 216-17, 219] The record also shows that the parties entered into a purchase and sale agreement for the sale of the property at issue, under which Defendant had the absolute and unilateral right to terminate the contract with Plaintiffs at any time and for any reason, even after closing, and that Plaintiffs' sole remedy was to receive the return of Plaintiffs' earnest money deposit. [RP 222] Pursuant to the parties' agreement, Defendant exercised its right to terminate the agreement and returned the earnest money to Plaintiffs. [2 RP 347] Thus, we see no showing of a breach of contract or actual damages that Plaintiffs suffered from the termination of the agreement.

**{5}** We agree with the district court that these facts also undercut Plaintiffs' claims for breach of the implied covenant of good faith and fair dealing and fraud, given the following: "the implied covenant of good faith and fair dealing cannot be used to overcome or negate an express term contained within a contract," *see Sanders v. FedEx Ground Package Sys., Inc.*, 2008-NMSC-040, ¶ 8, 144 N.M. 449, 188 P.3d 1200, and Plaintiffs failed to show a misrepresentation of fact, evidence of Defendant's knowledge and intent to deceive, or evidence of detrimental reliance, *see generally Cain v. Champion Window Co. of Albuquerque, LLC*, 2007-NMCA-085, ¶ 22, 142 N.M. 209, 164 P.3d 90 (stating the elements of a fraud claim). [1 RP 199-202; 2 RP 347] *See also Cont'l Potash, Inc. v. Freeport-McMoran, Inc.*, 1993-NMSC-039, ¶ 67, 115 N.M. 690, 858 P.2d 66 (holding that because "[i]t would be incongruous to hold that the defendants acted in bad faith in acting in accordance with an express contractual provision[,] . . . the trial court erred as a matter of law in finding and enforcing implied covenants against the defendants that were inconsistent with the provisions of the written agreements").

**{6}** In light of the foregoing, we are not persuaded that Plaintiffs met their burden "to demonstrate the existence of specific evidentiary facts" that required a trial on merits by filing a single affidavit that concluded without a factual basis that Defendant's property at issue was not actually available for sale. [2 RP 322] *See generally Bank of N.Y. Mellon v. Lopes*, 2014-NMCA-097, ¶ 6, 336 P.3d 443 ("The movant need only make a prima facie showing that [it] is entitled to summary judgment. Upon the movant making a prima facie showing, the burden shifts to the party opposing the motion to demonstrate the existence of specific evidentiary facts which would require trial on the merits." (internal quotation marks and citation omitted)); *Lotspeich v. Golden Oil Co.*, 1998-NMCA-101, ¶¶ 12, 19, 125 N.M. 365, 961 P.2d 790 (indicating that affidavits submitted in opposition to motion for summary judgment should be "neither conclusory nor without a factual base").

**{7}** Lastly, to the extent Plaintiffs contend in their memorandum in opposition that the contract is not valid and that provisions within the contract are not enforceable [MIO 4], Plaintiffs do not explain how these arguments were raised below and no document that falls within the broad citation to the record that Plaintiffs provide shows that they challenged the enforceability of the contract or any specific provision therein. [1 RP 1-4; 2 RP 347-84] *See Crutchfield v. N.M. Dep't Tax'n & Revenue*, 2005-NMCA-022, ¶ 14, 137 N.M. 26, 106 P.3d 1273 ("[O]n appeal, the party must specifically point out where,

in the record, the party invoked the court's ruling on the issue. Absent that citation to the record or any obvious preservation, we will not consider the issue."). Accordingly, we do not address this matter further.

**{8}** For the reasons stated above, we hold that Plaintiffs have not established that the district court erred by granting summary judgment in favor of Defendant. We therefore affirm.

**{9}** **IT IS SO ORDERED.**

**JANE B. YOHALEM, Judge**

**WE CONCUR:**

**KRISTINA BOGARDUS, Judge**

**JACQUELINE R. MEDINA, Judge**